# STATE v. JOHN O'NEIL.

## January Term, 1894.

*Motion in arrest.    When and where filed in criminal cause.*

1.  A motion in arrest of judgment cannot be filed in the supreme court in a criminal cause.

2.  In this case there was judgment on the verdict in the county court, and that is another reason why a motion in arrest could not be filed in supreme court, since such a motion must be interposed before judgment.

Prosecution for the unlawful furnishing of intoxicating liquor.   Heard upon motion in arrest of judgment filed for the first time in supreme court.   The opinion states the case.

*J. C. Baker* for the respondent.

*J. C. Jones*, state's attorney, and *C. A. Prouty* for the state.

The respondent cannot file his motion in arrest in this court.   It should have been filed in the county court and brought up from there by exceptions.   2 Thom. Tr., ss. 2726, 2775 ; R. L., ss. 782, 1699, 1700.

Moreover, in this case, the county court rendered judgment, and it was only upon the theory that that judgment became final by the overruling of the respondent's exceptions that the cause could be taken to the United States Supreme Court.   Desty, Fed. Pro., p. 331, s. 709.

ROWELL, J. At the March term, 1883, of the Rutland County Court, on trial by jury, the respondent was found guilty of three hundred and seven second offences of selling intoxicating liquor in violation of law, and a judgment of guilty was rendered on the verdict accordingly. The respondent excepted, and the case thereupon passed to this court for final decision, where such proceedings were had therein that the respondent took nothing by his exceptions, and the judgment below was affirmed. 58 Vt. 140.

The respondent then carried the case to the Supreme Court of the United States by virtue of a writ of error, where such proceedings were had therein that said writ was dismissed for want of jurisdiction, and the cause remanded to this court to be proceeded with. 144 U. S. 323.

At the first term of this court after the case came back, the respondent filed a motion in arrest of judgment, for that the statute of this State under which he was convicted is in violation of the interstate commerce clause of the Constitution of the United States and therefore void, and in conflict with section 1 of the 14th Amendment, and also of the 8th Article of the Amendments, which provides that excessive fines shall not be imposed nor cruel and unusual punishments inflicted. The case was heard at this term on said motion.

It is held in *State* v. *Hodgson*, *ante* 134, that a motion in arrest of judgment cannot be filed in this court in a criminal case. We refer to that case for the ground and reason of the holding.

There is another reason why the motion in the case at bar cannot be sustained; it was filed after judgment, whereas such a motion must, necessarily, be filed before judgment.

*The motion is overruled, sentence passed, and execution ordered.*